# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 13, 2008

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

136005
& (13)

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

JAMES NORMAN PERRY,
        Defendant-Appellee.

SC: 136005
COA: 284102
Oakland CC: 2006-207327-FC

_____/

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the March 10, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

WEAVER, J., dissents and states as follows:

I dissent from the order denying leave to appeal and would reverse that part of the trial court's order granting defendant's motion to exclude testimony the prosecutor sought to introduce under MCL 768.27a for the same reasons stated in Justice Corrigan's dissenting statement.

CORRIGAN, J., dissents and states as follows:

I dissent from the order denying leave to appeal. I would reverse that part of the trial court's order granting defendant's motion to exclude testimony the prosecution sought to introduce under MCL 768.27a. The evidence is admissible under the plain language of the statute. Even assuming that MRE 403 applies, the trial court abused its discretion in concluding that the proffered evidence should be excluded, because the defendant failed to establish that the "probative value" of the evidence "is substantially outweighed by the danger of unfair prejudice . . . ." MRE 403.

MARKMAN, J., dissents and states as follows:

I would stay the trial court proceedings in order to allow this Court more than several hours to review the prosecutor's application for leave to appeal and to afford this Court the opportunity to address the relationship between MRE 403 and 404 and MCL 768.27a.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 13, 2008

_____
Clerk